UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:25-cv-3424-AB-DTB | Date: | December 22, 2025 |
|---|---|---|---|

| Title: | *Mohammad Hadi Hezardastan v. Kristi Noem et. al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER GRANTING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DKT. NO. 2]**

Before the Court is Petitioner Mohammad Hadi Hezardastan's ("Petitioner") unopposed Application for a Temporary Restraining Order ("TRO Appl.," Dkt. No. 2) and Petition for Writ of Habeas Corpus ("Hab. Pet.," Dkt. No. 1). The U.S. government ("Respondent") has filed no response or opposition to Petitioner's TRO Application. For the reasons set forth below, Petitioner's TRO Application is **GRANTED.**

## I.   BACKGROUND

Petitioner is an Iranian citizen who left Iran during the 1980-1988 war and obtained refugee status in the Netherlands. TRO Appl., Attach. 1, "Decl. of Hezardastan" ¶ 2. Petitioner was granted asylum in the Netherlands and, after living there for several years, traveled to the United States using a refugee travel document. *Id.* ¶ 3. Petitioner's asylum status was revoked on January 8, 1998 since he had resided in the United States for over one year. *Id.* ¶ 4-5. Petitioner was

unable to obtain authorization or permission to return to the Netherlands. *Id*. ¶ 5. Petitioner was then ordered removed from the United States. *Id*. ¶ 6.

On July 21, 2006, Petitioner was granted an order of supervision. He has since complied with the terms and conditions of his supervision. *Id*. ¶ 8. Petitioner was arrested with no explanation on August 6, 2025 during a routine annual report to the Santa Ana Field Office. *Id*. ¶ 10. When he inquired if he had violated the terms of his supervision order, the arresting officer responded, "No, but we have to take you in." *Id*. ¶ 10. Petitioner's request for parole was denied and he has been detained at the Adelanto Detention Facility since August. *Id*. ¶ 11.

Petitioner owns a home in Mission Viejo, California, pays taxes, and has had no contact with law enforcement since 1997. *Id*. ¶ 8. Prior to his arrest, Petitioner was the primary caregiver for his 83-year-old mother. TRO Appl., Attach. B.

Petitioner files the present Habeas Petition and TRO Application seeking to release him from custody, order the U.S. Government to refrain from removing Petitioner outside the Central District of California, restore Petitioner's status quo by reinstating his prior order of supervision; and (4) issue an order to show cause to why a preliminary injunction should not be granted. Respondent has filed no opposition or response to Petitioner's request.

## II.   LEGAL STANDARD

To obtain a TRO, Petitioner must show (1) he is likely to succeed on the merits of his claims, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (1008); *Stromans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Where the non-movant is a government entity, the third and fourth factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Alternatively, where there are merely "serious questions going to the merits," the moving party may still obtain preliminary relief where the balance of hardships "tips sharply" in the moving party's favor, and where the moving party also shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

A TRO is a kind of ex parte application, so the moving party must "establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. In other words . . . the moving party [must show

why it] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995) (explaining that the applicant for ex parte relief must demonstrate urgency and that it is without fault in creating the urgency).

### III.   DISCUSSION

**a.  Likelihood of Success on the Merits**

Petitioner argues his detention violates both his statutory and regulatory protections under the Immigration and Naturalization Act ("INA") as well as his constitutional right to due process. This Court finds Petitioner has demonstrated a likelihood of success on his claims for these claims.

Petitioner first argues his detention violates the INA. The INA permits detention of noncitizens for 90 days once a noncitizen is ordered removed during immigration proceedings. 8 U.S.C. 1231 § (a)(1)(A). After that period, the noncitizen will be subject to "supervision under regulations prescribed by the Attorney General." 8 U.S.C. 1231 § (a)(3).

Supervision may be revoked if the Immigration and Naturalization Service ("INS") "determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). A court considers "reasonableness primarily in terms of the statute's basic purpose, namely assuring the [noncitizen's] presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by the statute." *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001). A detention is presumptively reasonable for a period of six months. *Id.* at 701. After six months, the noncitizen may seek release by showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* However, a noncitizen may challenge their detention and rebut the presumption of reasonableness before the six-month period has elapsed. *See Hoang Trinh v. Homan*, 333 F.Supp.3d 984, 994 (C.D. Cal. 2018).

Petitioner, who has been in detention for over four months, rebuts this presumption of reasonableness. Petitioner maintains that there is no reason to believe he will be removed in the foreseeable future as it is not yet clear where he can be removed. First, Petitioner contends he cannot be deported to the last country he resided, or the Netherlands, as he is neither a citizen of the Netherlands nor does he maintain asylum status in the Netherlands. Petitioner also notes he cannot be

deported to the country of his citizenship, or Iran. Petitioner, who received asylum status from the Netherlands after fleeing Iran, argues he is at risk of political persecution and imprisonment should he return to Iran. Therefore, any potential deportation would be barred by statute. 8 U.S.C. § 1231(b)(3) (stating a noncitizen cannot be removed to a country where their freedom would be threatened because of their political opinion). Petitioner has also not been notified of any third country where he may be removed.

The Court observes Respondent has not provided any position on where it intends to remove Petitioner, nor has it provided any opposition to Petitioner's position. Thus, the Court agrees with Petitioner it is unlikely he will be removed in the reasonably foreseeable future.

The Court finally finds Petitioner is likely to succeed on his claim that the government violated his constitutional right to due process as he was detained without notice or opportunity to be heard. INA regulations require the government to notify a noncitizen released on supervision of the reasons for revocation of his release and provide the noncitizen an initial informal interview to provide the noncitizen a chance to respond to the reasons for revocation. *See* 8 C.F.R. § 241.13(l)(2), (3). In Petitioner's case, not only was he provided no reasons for revocation but he was affirmatively told he had not violated any of the terms of his supervision. Decl. of Hezardastan ¶ 10. As several other courts have observed, the government's failure to follow its own regulations with respect to revocation constitute a due process violation. *See Delkash v. Noem*, 2025 WL 2683988 at *5-6 (C.D. Cal. Aug. 28, 2025); *Lam Dat Quan v. Bowen*, 2025 WL 3691858 at *6 (C.D. Cal. Nov. 14, 2025).

Accordingly, the Court concludes Plaintiff has met his burden in establishing the first *Winter* factor.

### b.  Irreparable Harm

In order to obtain a TRO, Petitioner must demonstrate he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of liberty [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. It is well established that the "deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

Additionally, the Ninth Circuit has further recognized the irreparable harms suffered by those in ICE detention, including "subpar medical and psychiatric care. . . economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). These concerns are especially relevant to Petitioner, given his role as his elderly mother's primary caretaker. TRO Appl., Attach. B.

Accordingly, the Court finds that Petitioner has satisfied his burden under the second TRO factor.

### c. Balance of the Equities and Public Interest

The last two TRO factors merge when the government is the opposing party. *Nken*, 556 U.S. at 435. This Court finds that both the balance of the equities and the public interest weigh heavily in favor of Petitioner.

As noted above, it is likely that Petitioner's continued detention pursuant constitute a violation of federal law. Violations of federal law are neither equitable nor in the public's interest. *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013). The Government has also provided no argument as to why these factors weigh against Petitioner.

Accordingly, this Court finds that the final two TRO factors weigh in favor of Petitioner.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED THAT**:

1. Respondent immediately release Petitioner from custody;

2. Respondent reinstate Petitioner's prior order of supervision;

3. Respondent refrain from removing Petitioner from the Central District of California pending the resolution of this matter; and

4. Respondent show cause, in person, on why a preliminary injunction should not issue on January 5, 2026 at 10:00 am.

5. This Order shall be in effect for a period of fourteen (14) days from entry hereof, after which it shall expire absent further order of the Court.

**IT IS SO ORDERED**.